IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Broach, | ) | C/A No. 0:08-3471-HMH-PJG |
|             Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Director Jon Ozmint, | ) | |
|             Defendant. | ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion for summary judgment. (Docket Entry 21.) The plaintiff, William Broach ("Broach"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief. Broach seeks an order of the court directing the defendant, Jon Ozmint ("Ozmint"), the director of the South Carolina Department of Corrections ("SCDC"), to provide him with chiropractic treatment for Broach's back pain.

The defendant has moved for summary judgment. (Docket Entry 21.) By order of this court filed January 22, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Broach was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 22.) Broach filed a motion for an extension of time in which to respond to the defendant's motion for summary judgment on February 26, 2009 (Docket Entry 30) which was granted by court order dated February 27, 2009 (Docket Entry 31). Broach filed his response in opposition to the defendant's motion for summary judgment on March 6, 2009. (Docket Entry 34.) This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

The following facts appear to be undisputed. Broach has suffered for many years from chronic back pain. Prior to his incarceration with SCDC, he obtained relief through chiropractic treatment for his condition, which had been diagnosed as sciatica. Although he is receiving medical care at SCDC for his condition, which prison medical staff have diagnosed as arthritis, he contends that the treatment is not alleviating his pain. Ozmint has denied Broach's requests to seek chiropractic treatment at his own expense outside the prison, or to provide chiropractic treatment to Broach within SCDC.

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

B.     **Deference to Prison Administrators**

While convicted prisoners do not forfeit all constitutional protections, they "necessarily forfeit many of their constitutional rights by virtue of their confinement." See Strickler v. Waters, 989 F.2d 1375, 1387 (4th Cir.1993) (citing Bell v. Wolfish, 441 U.S. 520, 545 (1979)). Moreover, "problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions." Bell, 441 U.S. at 547. As such, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. (citing Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 128 (1977); Procunier v. Martinez, 416 U.S. 396, 404-05 (1974); Cruz v. Beto, 405 U.S. 319, 321 (1972)). The Supreme Court emphasized that courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional



administration, for the determinations of those charged with the formidable task of running a prison." O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987) (internal citation and quotation omitted).

**C.     Eighth Amendment Protection**

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eight Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); Washington v. La Porte County Sheriff's Dep't, 306 F.3d 515 (7th Cir. 2002) (same). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. 97.

Ozmint has denied Broach's request for chiropractic treatment based upon SCDC policy. Policy HS-18.15, Paragraph 16, provides: "Inmates may elect to obtain outside medical, optometry, or dental care at their own expense, subject to approval of [SCDC]." Paragraph 16.5 goes on to state, "Only requests for health care provided by a *medical doctor, dentist, or optometrist* will be considered." (emphasis added) (Ozmint Aff., Docket Entry 21-3).

As stated above, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and



discipline and to maintain institutional security." Bell, 441 U.S. 547. Therefore, "'in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'" Id. (quoting Pell v. Procunier, 417 U.S. 817, 827 (1974)).

Here, Broach has requested outside treatment by a chiropractor, which is neither a medical doctor, a dentist, nor an optometrist. See Kale v. S.C. Dep't of Health & Envtl. Control, 391 S.E.2d 573 (S.C. 1990) (recognizing that chiropractors are not licensed to practice medicine or osteopathy under South Carolina law). While Broach may firmly believe that chiropractic treatment would be beneficial for him, the court cannot say that Ozmint's policy to restrict outside treatment to medical doctors, dentists, and optometrists constitutes deliberate indifference. Broach similarly could justifiably believe that he would benefit from massage therapy, yoga, acupuncture, or some other common non-medical treatment for back pain. However, a denial of such a request, like Ozmint's denial of outside chiropractic treatment, could not, under the facts presented here, be said to constitute deliberate indifference to Broach's medical condition. Decisions such as these are the kind that are best left to the prison officials. See O'Lone, 482 U.S. at 353. Broach has received medical treatment for his back condition from SCDC medical staff, including medication for his pain. (Docket Entries 21-4 and 21-5.) SCDC has provided Broach with consultation and treatment from an outside orthopedic surgeon. (Samson Aff., Docket Entry 21-4 at 2.) The record is devoid of any evidence that any physician has prescribed chiropractic care for Broach.[1] (See generally

---

[1] Although Broach relies heavily upon a statement in his medical records that he might benefit from chiropractic care upon his release from prison, (Samson Aff., Docket Entry 21-4; SCDC Med. Records, Docket Entry 21-5 at 3), this physician's note falls far short of constituting an order for such care.



Docket Entry 21-5.)  Moreover, a difference of opinion regarding the diagnosis and treatment provided by SCDC does not rise to a constitutional violation.[2] Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim."); see also Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981) (finding that a prison's refusal to allow a prisoner access to a chiropractor to relieve pain did not constitute deliberate indifference, but rather was merely a difference of opinion as to the most desirable treatment).

**D.     Other Defenses**

Although Ozmint claims to be immune from suit based upon both the Eleventh Amendment and the doctrine of qualified immunity, Broach makes clear that he is proceeding against Ozmint in his official capacity to obtain injunctive relief. (Broach Mem. Opp'n Def.'s Mot. Summ. J. at 2, Docket Entry 34-1 at 2.) Accordingly, these defenses do not avail Ozmint in his official capacity. Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995) (stating that "qualified immunity is available only in a personal capacity suit") (citing Kentucky v. Graham, 473 U.S. 159, 167 (1985)). To the extent Broach seeks monetary relief against Ozmint in his individual capacity, the court finds, even assuming that denying Broach chiropractic treatment violated the Constitution, that Ozmint would be entitled to qualified immunity, since Ozmint's discretionary decision to deny inmates access to

---

[2]Broach has presented no *medical* opinion that the treatment he is currently receiving is inadequate or improper. See Green v. Senkowski, 100 Fed. Appx. 45 (2d Cir. 2004) (unpublished) (finding that a plaintiff's self-diagnosis unsupported by any medical evidence in the record is insufficient to defeat summary judgment on a deliberate indifference claim); see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."). By contrast, Dr. Samson's affidavit affirmatively states that Broach has received adequate medical care. (Samson Aff., Docket Entry 21-4 at 2.)

a chiropractor does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. See Harlow v. Fitzgerald, 457 U.S. 800 (1982); see also Smith v. Reddy, 101 F.3d 351, 355 (4th Cir. 1996) (holding that if a reasonable officer might not have known that his conduct violated a clearly established right, the officer is entitled to immunity); Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992).[3]

## RECOMMENDATION

For all of these reasons, the court recommends that the defendant's motion for summary judgment (Docket Entry 21) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 5, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Ozmint requests that Broach be assessed a "strike" pursuant to 28 U.S.C. § 1915(e). The court finds that, although Broach's claim is legally insufficient to state a claim under 42 U.S.C. § 1983, it is not so baseless or frivolous as to warrant a strike. Accordingly, the court declines to recommend that a strike be issued against Broach for filing this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).