IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William Broach, #272257, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 0:08-3471-HMH-PJG |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Director Jon Ozmint, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] William Broach ("Broach") filed a civil rights action under 42 U.S.C. § 1983, seeking injunctive relief. Broach requests that the court order Defendant Jon Ozmint ("Ozmint") to provide him with chiropractic treatment for Broach's back pain. Ozmint filed a motion for summary judgment on January 21, 2009. Broach filed a response opposing the motion for summary judgment on March 6, 2009. In her Report, Magistrate Judge Gossett recommends granting Defendant's motion for summary judgment.

Broach filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Broach's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Broach argues that the magistrate judge erred in finding that (1) "defendant's refusal to allow [Broach] chiropractic treatment does not constitute deliberate indifference" and (2) there are no material facts in dispute. (Objections 2-8.)

Broach objects to the magistrate judge's conclusion that Ozmint's denial of chiropractic treatment does not constitute deliberate indifference. Broach argues that there is "substantial evidence" in the record "to indicate that the denial of chiropractic treatment is an exaggerated response to security concerns." (Id. at 2-3.) According to Broach, there is no "evidence that denying [him] chiropractic treatment is needed to preserve internal order and discipline and to maintain institutional security." (Id. at 3.) As such, Broach alleges that the denial of chiropractic treatment constitutes deliberate indifference.

A prison official shows deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded

reasonably to the risk, even if the harm ultimately was not averted." Id. at 844 (internal quotation marks omitted).  The record reveals that Broach has received medical treatment for his back condition from Dr. Donald Sampson ("Dr. Sampson") along with other SCDC medical staff, he has received medication from SCDC staff, and SCDC has provided Broach with consultation and treatment from an outside orthopedic surgeon.  (Def. Mem. Supp. Mot. Summ. J. Ex. B (Dr. Sampson Aff. 1-2).)  Furthermore, Broach's request for chiropractic treatment was denied pursuant to SCDC policy HS-18.15, which only considers requests for health care provided by a medical doctor, dentist, or optometrist.  (Id. Ex. A (Ozmint Aff. 1).)  Moreover, the record is void of any evidence that any physician prescribed chiropractic care for Broach's back pain.  Broach has not pointed to any evidence to establish that Ozmint's actions or omissions constitute deliberate indifference.  Accordingly, this objection is without merit.

Additionally, Broach "objects to the magistrate's apparent finding that there are no material facts in dispute."  (Objections 8.)  This objection is also without merit.  Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

3

Broach alleges that there is an issue of fact over whether he has been diagnosed with sciatica. According to Broach, the "facts in this case indicate that [h]e was diagnosed as suffering from sciatica prior to his incarceration." (Objections 9.) There is no medical evidence to support Broach's blanket allegation that he has been diagnosed with sciatica. In fact, Dr. Sampson noted that "[d]uring a visit with the Orthopedic Clinic on February 5, 2003, the outside orthopedic surgeon concluded that [Broach's] problems were <u>not</u> caused by sciatica. On May 15, 2006, the outside orthopedic surgeon diagnosed chronic low back pain with generalized spondylotic changes." (Def. Mem. Supp. Mot. Summ. J. Exhibit B (Dr. Sampson Aff. 1-2).) Nevertheless, even if Broach was diagnosed with sciatica, the court finds that this is not a material fact as Broach is still subject to the SCDC policy that only considers requests for health care provided by a medical doctor, dentist, or optometrist. Accordingly, whether Broach suffers from sciatica or any other condition is not a disputed *material* fact precluding this court from granting summary judgment and Broach's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Defendant's motion for summary judgment, docket number 21, is granted.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
July 7, 2009

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.